

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 28, 1969

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas

Opinion No. M- 381

RE: Authority of a
constable to
form a standby
auxiliary force
under stated
facts.

Dear Mr. Lindsey:

In your letter to Attorney General Martin, you asked the following questions:

"1. What authority, if any, does a constable have to form a standby auxiliary force?

"2. If such authority exists, what procedure should be followed in activating the auxiliary force?

"3. If such authority exists, may the auxiliary officer carry a pistol while on official duty?

"4. If such authority exists, will the auxiliary officer be permitted to work alone, or will he have to work under the immediate direction of the constable or a deputy constable?

"5. Would the auxiliary officer be entitled to compensation or would they be required to serve without compensation?"

You further state:

"The proposed auxiliary force will number about 50 men. These individuals will attend training classes much like rookie policemen are required to do now.

Constable Rollins has informed
me that if an auxiliary force
is permitted, he intends to use
them in civil disorders, disas-
ters, parades, civic functions,
ballgames, etc."

Article 6879 and 6879 (a), Vernon's Civil Statutes,
set forth the rules governing the appointment of deputy
constables. You will note that the Commissioners' Court
is required to approve and confirm the appointment of
deputy constables, and that each constable is limited
in the number of deputies he may appoint. Therefore,
it is our opinion that a constable does not have the
authority to form a standby auxiliary force by the
appointment of deputies.

The various statutes which authorize the constables
(and sheriff, etc.) to call citizens to their aid are
aimed at specific emergency situations and do not con-
template a permanent organization to give such aid.

We also observe that the legislature has outlawed
bodies of citizens, other than the state and federal
militia, from associating themselves together in a
militia-type organization and carrying firearms in
public. See Article 5780, Section 6, Vernon's Civil
Statutes.

Since our research of the Texas Statutes and Con-
stitution fails to disclose any authority which would
permit or authorize a constable to form an auxiliary
force, it is unnecessary to answer your other questions
which were conditioned on the existence of such author-
ity.

## SUMMARY

There is no statutory or consti-
tutional authority for a constable
to form a standby auxiliary force
for civil disaster or police duty
as contemplated under the stated
facts.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:
Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Tom Bullington
Harold Kennedy
Jay Floyd
Bob Owen

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant